F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01133-BNB

DAQUAN L. DONALDSON,

     Plaintiff,

v.

WARDEN C. DANIELS,
OFFICER VIALAPANDO, and
OFFICER J. COLSON,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Daquan L. Donaldson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Donaldson, acting *pro se*, initiated this action by submitting to the Court a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. The Court must construe Mr. Donaldson's Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Donaldson states that on March 27, 2010, he was sexually harassed by Defendants Colson and Vialapando when they came to his cell to serve a "shot" (disciplinary report) for keeping a "tray" (food tray) in his room and for "jacking the slot" (a slot is located in the cell door and is used to pass items from and to a guard and a prisoner). Mr. Donaldson further asserts that when Defendant Vialapando gave him the disciplinary report he asked if he could search Mr. Donaldson's cell and that he gave Defendant Vialapando permission to do so, but when Defendant Vialapando entered his cell he rubbed Plaintiff's hand "homosexually" for two seconds. Mr. Donaldson also contends that after Defendants Vialapando and Colson searched his cell Defendant Colson brushed firmly against his penis with his elbow. Mr. Donaldson asserts that Defendants used malicious and sadistic force in their actions and neither Defendant apologized. Mr. Donaldson seeks monetary damages and an investigation of Defendants' actions.

Although Mr. Donaldson fails to assert under what federal law or section of the U.S. Constitution he is raising his claim, it appears that he is asserting cruel and unusual punishment under the Eighth Amendment. A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities.' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin*

*v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Wilkins v. Gaddy*, ---- U.S. ----, 130 S. Ct. 1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7) (internal quotation marks and citation omitted). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 130 S. Ct. at 1178 (citations omitted). Nonetheless, "[t]he core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 130 S. Ct. at 1178 (quoting *Hudson*, 503 U.S. at 7) (internal quotation marks omitted).

Also, "an inmate has a constitutional right to be secure in [his] bodily integrity and free from attack by prison guards." *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) (citing *Alberti v. Klevenhagen,* 790 F.2d 1220, 1224 (5th Cir. 1986)). A sexual harassment allegation may state an Eighth Amendment claim. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *see also Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (sexual harassment or abuse of an inmate by a corrections officer never serves a legitimate penological purpose and may result in severe physical and psychological harm which may constitute unnecessary and wanton infliction of pain in violation of the

3

Eighth Amendment) (citations omitted). To prove a constitutional claim of sexual harassment an inmate must prove that the alleged abuse or harassment caused pain and that the responsible defendant acted with a sufficiently culpable state of mind. *Frietas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Here, the alleged instance is not so severe as to be objectively, sufficiently serious, and there is no evidence of deliberate indifference on the part of Defendants.

Mr. Donaldson alleges that Defendants were in his cell briefly to give him a disciplinary report and to search his cell. It was during this time that Defendant Colson brushed firmly against his penis with his elbow and Defendant Vialapando rubbed his hand for two seconds. Although Mr. Donaldson asserts that Defendants' actions were done maliciously and sadistically, nothing in his factual allegations supports such a claim. Mr. Donaldson does not state that the alleged actions were done intentionally or that either Defendant made a sexually oriented comment to Mr. Donaldson regarding their intentions while the momentary contact took place. Also, Mr. Donaldson does not state that he was naked when Defendant Colson pressed against his penis with his elbow. Finally, the fact that Mr. Donaldson expected Defendants to apologize for their actions indicates he believes that neither action was done purposely or with deliberate indifference but done only in the course of entering his cell to conduct a cell search.

Although Mr. Donaldson also states that Officer Rivers came to his cell on the night of March 27, after observing someone standing in front of Mr. Donaldson's cell, the claim is conclusory and vague and does not state how his rights have been violated.

Without more, Mr. Donaldson fails to assert an Eighth Amendment claim with respect to the incident that took place in his cell on the morning of March 27, 2010. Therefore, based on the above findings, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __16th__ day of ___June_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01133-BNB

Daquan L Donaldson
Reg. No. 20156-058
USP Florence - High
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 16, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
Deputy Clerk